IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ) <br> BETTY MANION, LYNDA EVENSON, ) <br> AND MICHAEL SMYTH, ) <br>  ) <br>   Plaintiffs, ) <br>  ) <br> vs. ) <br>  ) <br> ST. LUKE'S REGIONAL MEDICAL ) <br> CENTER, LTD., AND JOHN/JANE DOES ) <br> I THROUGH X, WHOSE TRUE ) <br> IDENTITIES ARE PRESENTLY ) <br> UNKNOWN, ) <br>  ) <br>   Defendant. ) <br> _____) | Case No.: CV 06-498-S-EJL <br><br> **MEMORANDUM ORDER** |

## INTRODUCTION

On December 12, 2006, Plaintiffs Manion and Evenson filed their original complaint in this *qui tam* action for damages pursuant to the False Claims Act ("FCA").[1]  Plaintiffs alleged that Defendant St. Luke's Regional Medical Center, Ltd., ("St. Luke's") submitted numerous false claims to Medicare, Medicaid, and Tricare.  Plaintiffs also alleged St. Luke's violated the FCA by wrongfully retaliating against them for their attempts to stop the alleged fraudulent claims.

---

[1] 31 U.S.C. §3730 requires that a complaint filed under the False Claims Act be first submitted to the Court and the Attorney General for the Government's review.  The Government may elect to intervene or allow the person filing the complaint to pursue the action on their own.  The United States government notified this Court on March 5, 2007, that it declined to intervene in this action, therefore granting the original plaintiffs the right to continue with the action.

Memorandum Order              1

On May 2, 2007, Plaintiffs Manion and Evenson filed an amended complaint and added Smyth as a plaintiff. In response, St. Luke's filed a motion to dismiss for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1), (6). St. Luke's contends that Plaintiffs have failed to state a claim upon which relief can be granted by: 1) failing to comply with Federal Rule of Civil Procedure 9(b) by not pleading fraud with particularity, 2) failing to plead falsity as required by the FCA, and 3) failing to show employer retaliation as required by the FCA. St. Luke's contention that this Court lacks subject matter jurisdiction is based upon two separate premises: 1) the statute of limitations section of the FCA, and 2) the addition of Plaintiff Smyth in the amended complaint.

## STANDARD OF REVIEW

1) Rule 12(b)(6):

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.,* 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). There is a strong presumption against dismissing an action for failure to state a claim. *See Gillgan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). Therefore, a court should not grant a motion to dismiss "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, (1957).

2) Rule 12(b)(1)

A Defendant may move to dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) in one of two ways. *See Thornhill Publ'g*

*Co., Inc. V. General Tel. & Elec. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979). The attack on jurisdiction may be "facial" where the defendant attacks the sufficiency of the allegations supporting subject matter jurisdiction, or the defendant may launch a "factual" attack, "attacking the existence of subject matter jurisdiction in fact." *Id.* When considering a "facial" attack a court must consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff. *Love v. United States,* 915 F.2d 1242, 1245 (9th Cir. 1988). Consideration of a "factual" attack allows the court "to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States,* 704 F.2d 1074, 1077 (9th Cir. 1983) (citations omitted). "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill,* 594 F.2d at 733 (citations omitted).

## ANALYSIS

This case centers around the False Claims Act and alleged fraudulent claims made by St. Luke's. Plaintiffs are all employees of St. Luke's and have been involved with Medicare, Medicaid, and Tricare claims for several years. Plaintiffs contend that St. Luke's has violated the FCA in several different ways by submitting false or fraudulent claims to these three government programs. Plaintiffs also allege that St. Luke's violated the employee protection section of the FCA by wrongfully retaliating against Plaintiffs for their efforts in attempting to stop the alleged fraudulent conduct.

St. Luke's motion to dismiss presents five issues that need to be resolved: 1) Have Plaintiffs pleaded fraud with sufficient particularity to satisfy the requirements of Rule 9(b) of

the Federal Rules of Civil Procedure; 2) Have Plaintiffs alleged falsity as required by the False Claims Act; 3) Have Plaintiffs established a claim for retaliatory discrimination; 4) Are claims for fraud occurring before December 12, 2000, barred by a statute of limitations; 5) Does this Court have subject matter jurisdiction with respect to the addition of Plaintiff Smyth.

1) Specificity of Fraud Allegations pursuant to Rule 9(b)

St. Luke's contends that Manion, Evenson and Smyth have failed to plead the circumstances of the fraudulent acts that form the basis of this FCA action with sufficient specificity and have therefore failed to comply with Federal Rule of Civil Procedure 9(b).[2]  The Court finds this contention incorrect and determines Plaintiffs have met the burden placed on them by Rule 9(b).

The Ninth Circuit has determined that all complaints brought under the FCA must comply with the requirements set forth in Rule 9(b).  *Bly-Magee v. California,* 236 F.3d 1014, 1018 (9th Cir. 2001).   Rule 9(b) states, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b).  Compliance with Rule 9(b) requires that the plaintiff be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken,* 6 F.3d 666, 672 (9th Cir. 1993) (internal citations omitted).  Defendant advances a Fifth Circuit

---

[2]St. Luke's is seeking to dismiss Plaintiffs' complaint for failure to comply with Rule 9(b) of the Federal Rules of Civil Procedure by not pleading fraud with particularity.  If a plaintiff fails to plead fraud with particularity then they have failed to state a claim for which relief can be granted and the complaint is dismissed through Rule 12(b)(6) or the Court may grant the plaintiff leave to amend their complaint.

Memorandum Order                                  4

ruling which held that "Rule 9(b) requires that a plaintiff set forth the who, what, when, where, and how of the alleged fraud." *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.,* 125 F.3d 899, 903 (5th Cir. 1997) (internal citation omitted). However, the Ninth Circuit has applied a less stringent test than the Fifth Circuit to the"when" factor. The Ninth Circuit has determined that Rule 9(b) may not require a plaintiff to allege, in detail, all facts supporting each and every instance of fraud that occurred over a multi-year period. *See, United States ex rel. Lee v. Smithkline Beecham, Inc.,* 245 F.3d 1048, 1051 (9th Cir. 2001); *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997).

The first amended complaint ("complaint") contains more than sufficient information to provide St. Luke's with notice of the alleged misconduct so that they can defend against those charges. The complaint contains specific information with regard to "who" committed the alleged violations naming approximately 14 individuals who engaged in the alleged conduct. *See* Verified First Amended Complaint ¶ XXXVIII.

The complaint also contains specific information on "what" the alleged fraud involved. Plaintiffs allege that false reimbursement claims were made to federal and state government programs including Medicare, Medicaid and Tricare. *See* Verified First Amended Complaint ¶ XIII. More specifically, the complaint contends these false claims consisted of seeking reimbursement for durable medical equipment without being a certified provider of such services, use of improper revenue codes, charging for routine and reusable items, exceeding allowable cause-to-charge ratios, rolling no-billable charges into codes that were eligible for reimbursement payments, and the list goes on to include over 15 different descriptions of alleged fraudulent activities. *See* Verified Complaint ¶¶ XXXII and XXXVIII.

Plaintiffs have also included "when" the alleged fraudulent activity took place. St. Luke's makes much of the fact that the time frame presented in the complaint is overly broad and does not conform to the particularity requirements of Rule 9(b). However, when the alleged fraudulent activity has taken place over a multi-year period, Rule 9(b) does not require such detail. *See Cooper,* 137 F.3d at 627. Also, Plaintiffs have pointed to three specific audits and the times when these audits were performed. This information satisfies the requirements for providing the defendant with sufficient information to prepare a defense with respect to Plaintiffs' claims. St. Luke's can use the information contained in these audits to ascertain when these alleged violations took place in order to prepare a defense. To require Plaintiffs to provide specific information as to exactly when alleged violations took place over a multi-year time frame such as this would make Rule 9(b) carry more weight than it was meant to bear. *See Cooper,* 137 F.3d at 627.

The complaint also includes information explaining "where" the violations took place. Plaintiffs explain that the alleged violations took place at the Boise, Meridian, and Wood River facilities. They also provide additional information as to the managers who were responsible for the supervision of departments where the alleged violations occurred. This type of information will allow St. Luke's to determine specific departments within each of the three facilities to identify exactly where the alleged violations occurred.

Plaintiffs have also satisfactorily pled the "how" of the alleged fraud. The complaint contains information explaining that the alleged fraud was committed in a variety of ways as explained *supra* in the "what" section of this order.

After reviewing the contents of Plaintiffs' first amended complaint, the Court finds that Plaintiffs have complied with the requirements of Rule 9(b) and pled the alleged fraudulent activities with sufficient particularity to give St. Luke's sufficient notice to defend against the allegations contained in the complaint. Therefore, Defendant's motion to dismiss for failure to comply with Rule 9(b) is denied.

2) <u>Alleged Falsity as required by the False Claims Act</u>

St. Luke's asserts that Plaintiffs have failed to allege falsity and therefore failed to comply with the False Claims Act. The False Claims Act states in relevant part,

> "(a) Any person who- (1) Knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval; [or] (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government... is liable to the Untied States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person...." 31 U.S.C. § 3729.

Pursuant to this language, for a "claim" to exist, "it must involve merely some sort of request for the government to pay out money or forfeit moneys due." *U.S. ex rel. Hendow v. University of Phoenix,* 461 F.3d 1166, 1174 (9th Cir. 2006). For a claim to be false and conform to the requirements of the FCA the essential elements that create liability are: "(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." *Hendow,* 461 F.3d at 1174.

Plaintiffs have complied with the requirement of falsity in their FCA claim. They allege that St. Luke's has established a course of conduct, and has encouraged its employees to follow

that course of conduct, which results in claims being made for payment which St. Luke's is not entitled.

They also have alleged that St. Luke's engaged in this conduct knowingly.  Plaintiffs have alleged that they repeatedly informed supervisors of the alleged false claims, that audits were conducted which revealed the false claims, but that the false claims continued to be submitted.  Therefore the scienter element has been satisfied.

The third and fourth elements of an FCA complaint have also been satisfied as the Plaintiffs have alleged facts that demonstrate money has been paid to St. Luke's through Medicare, Medicaid and Tricare on these alleged false claims, and that but for the submission of these claims money would not have been paid.  This Court therefore finds that Plaintiffs have properly alleged the four requirements, including falsity, for a cause of action under the False Claims Act to survive a motion to dismiss.

3) Retaliatory Discrimination Claim pursuant to False Claims Act § 3730(h)

St. Luke's contends that Plaintiffs have failed to allege an action that would constitute retaliation.  St. Luke's points to the fact that Plaintiffs are all still employed with St. Luke's and maintain the same positions with St. Luke's before these proceedings began.  Plaintiffs assert that they have been excluded from corporate and training meetings which they contend constitutes retaliatory discrimination.

"There are three elements the plaintiff must prove in any § 3730(h) claim: 1) the employee must have been engaging in conduct protected under the Act; 2) the employer must have known that the employee was engaging in such conduct; and 3) the employer must have discriminated against the employee because of her protected conduct." *U.S. ex rel. Hopper v.*

*Anton,* 91 F.3d 1261, 1269 (9th Cir. 1996).  Plaintiffs have alleged facts that meet these three requirements and have therefore established a viable retaliatory discharge claim.

The Court in this Order has already determined that the fraud component of Plaintiffs' complaint constitutes a viable claim under the FCA.  Plaintiffs have been engaged in activity with the intent to investigate and prevent alleged fraud against the federal government satisfying the first requirement.  Plaintiffs repeatedly informed supervisors and managers of the alleged fraudulent claims and also participated in audits that allegedly revealed fraudulent claims.  These audits were submitted to the same supervisors and managers.  These alleged facts demonstrate that the second element also has been satisfied.

Plaintiffs assert they have been discriminated against due to their attempts to prevent this alleged fraud.  They allege St. Luke's has carried out this discrimination by excluding them from corporate meetings and planning/training meetings which Plaintiffs previously were permitted to attend.  *See* Verified First Amended Complaint ¶ XXIV.  Section 3730(h) provides that "Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer... shall be entitled to relief."  31 U.S.C. 3730(h).

Exclusion from these meetings could be considered harassment or another manner of discrimination.  *See Thomas v. Carpenter,* 881 F.2d 828, 829-830 (9th Cir. 1989) (holding that exclusion from meetings in a 42 U.S.C. §1983 action constituted harassment if done in a retaliatory nature); *Strother v. Southern Colifornia Permanente Medical Group,* 79 F.3d 859, 869 (9th Cir. 1996) (holding that employee who alleged employer excluded her from meetings adequately alleged retaliation).  Also, exclusion from these meetings could facilitate the

continuation of the alleged fraud. When dealing with employment situations similar to this, courts have ruled that for an employment action to be considered adverse it must cause a material change in the terms or conditions of employment. *See Nidds v. Schindler Elevator Corp.,* 113 F.3d 912, 919 (9th Cir. 1997). Plaintiffs have alleged that the exclusion from the meetings materially altered their employment and have therefore pled the three required elements for a case for employment retaliation. By pleading the required elements Plaintiffs have met the burden required to survive a motion to dismiss. *See Ortez v. Washington County, State of Oregon,* 88 F.3d 804, 808-809 (9th Cir. 1996). Therefore, this Court finds that Plaintiffs have satisfied all three elements for a viable retaliatory discharge claim.

4) False Claims Act Statute of Limitations

Plaintiffs seek to include alleged fraudulent claims in their complaint which allegedly occurred during the ten years previous to the filing of their complaint. St. Luke's contends that this would violate the statute of limitations section of the FCA. St. Luke's argues that the Plaintiffs are limited to claims occurring during the past six years and that Plaintiffs do not meet the requirements for the extension to ten years.

The statute of limitations section of the False Claims Act reads:

> "A civil action under section 3730 may not be brought –
> (1) more than 6 years after the date on which the violation of section 3729 is committed, or
> (2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed,
> whichever occurs last." 31 U.S.C. §3731 (b).

This action was first brought on December 12, 2006.  This establishes the date for application of both subsection (1) and (2).  Pursuant to subsection (2) an action may not be brought more than three years after facts giving rise to the action are known.  Plaintiffs have alleged that they knew of the alleged fraudulent activities well before December 12, 2003.[3]  In fact, Plaintiffs allege that they participated in audits revealing fraudulent activities before the December 12, 2003, cut off date and also informed supervisors of these alleged violations before the cut off date.

In a *qui tam* action such as this the relators [or plaintiffs] are the officials charged with the responsibility to act.  *See U.S. ex rel. Hyatt v. Northrop Corp.,* 91 F.3d 1211, 1218 (9th Cir. 1996).  As Plaintiffs are the officials charged with the responsibility to act and since they failed to act within the three year period provided by the statute, subsection (2) does not apply.  Therefore, Plaintiffs' claims are limited to those occurring in the 6 years prior to the filing of the first complaint pursuant to 31 U.S.C. §3731(b)(1).

5) Subject Matter Jurisdiction Over Additional Plaintiff

St. Luke's argues that this Court lacks subject matter jurisdiction with respect to the addition of Plaintiff Smyth to this action.  St. Luke's bases this argument on a section of the FCA commonly known as the "first-to-file rule."  One of the purposes of this section of the FCA is to prevent the filing of multiple lawsuits which are based on the same claims.  Plaintiffs contend

---

[3]December 12, 2003 is three years before Plaintiffs filed their original complaint. Pursuant to 31 U.S.C. §3731 (b)(2) if Plaintiffs possessed information concerning the alleged fraud for more than three years prior to initiating action they are limited to the past six years and are not eligible for the ten year extension.

Memorandum Order                                    11

that the "first-to-file rule" does not apply in this case because Smyth has not brought a separate action, but has only been added to this action.

The False Claims Act section commonly referred to as the "first-to-file rule" reads, "When a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." 31 U.S.C. §3731(b)(5). The Ninth Circuit has established an exception-free, first-to-file bar in order to promote the purposes of the 1986 amendments to this act. *See U.S. ex rel. Lujan v. Hughes Aircraft Co.,* 243 F.3d 1181, 1187 (9th Cir. 2001). Therefore, this Court finds that Plaintiff Smyth is barred from being added to this action.

Plaintiffs contend that since Smyth was added to the same action the language from §3731(b)(1) does not apply. They contend that in order for this section to apply there must be "a related action" arguing that Smyth has been added to the same action and therefore there is no "related action." Interpreting the statutory language in this manner is incorrect as it would ignore the plain meaning of the statute. The statute not only prevents a person from bringing a "related action" but also from intervening in any way. Adding Smyth to the complaint would constitute intervening when using the plain meaning of the term.

Plaintiffs also present case law from neighboring jurisdictions which decline to apply the plain meaning of the term intervene but instead apply the more narrow meaning the term is granted in Federal Rule of Civil Procedure Rule 24. *See U.S. ex rel. Precision Co. v. Koch Industries, Inc.,* 31 F.3d 1015, 1017-1018 (10th Cir. 1994). This Court declines to follow the ruling articulated by the Tenth Circuit as it would require a departure from Ninth Circuit law with respect to 31 U.S.C. §3731. *See Lujan.,* 243 F.3d at 1187. This Court will apply the plain

meaning of the term intervene and will not allow Plaintiff Smyth to be added to this action.

## SUMMARY

This Court finds that Plaintiffs Manion and Evenson have complied with the Rule 9 requirements by pleading the alleged fraudulent activities with sufficient particularity. Plaintiffs Manion and Evenson have also met the requirements of the False Claims Act by alleging falsity and the required elements for retaliatory discrimination. This Court also finds that Plaintiffs' claims must be limited to those occurring in the six year period before December 12, 2006. Plaintiff Smyth must also be dismissed from this action as this Court does not have jurisdiction over his claims pursuant to 31 U.S.C. §3731(b)(5).

## ORDER

Based on the foregoing, and the Court being fully advised in the premises, it is **HEREBY ORDERED** that Defendant's Motion to Dismiss (Docket #26) is **DENIED IN PART** and **GRANTED IN PART** as follows:

1. Defendant's Motion to Dismiss for failure to plead fraud with particularity in compliance with Rule 9 of the Federal Rules of Civil Procedure is **DENIED.**

2. Defendant's Motion to Dismiss for failure to plead falsity in compliance with the False Claims Act is **DENIED.**

3. Defendant's Motion to Dismiss Plaintiffs' retaliatory discrimination charges is **DENIED.**

4. Defendant's Motion to Dismiss all claims occurring more than six (6) years prior to the filing of this action is **GRANTED.**

    5. Defendant's Motion to Dismiss Plaintiff Smyth from this action pursuant to 31 U.S.C. §3731(b)(5) is **GRANTED.**

    **SO ORDERED.**

**DATED:  March 31, 2008**

*/s/ Edward J. Lodge*

~~Honor~~**able Edward J. Lodge**
**U. S. District Judge**